briefing, we will let people know. Case number four is Moratz v. Reliance Standard Life Insurance. Thank you. If it pleases the court, I'm Robert St. for the plaintiff appellant, Karen Moratz. The central issue in this appeal is whether Karen Moratz, as the plaintiff in a risk of disability policy, had the right to challenge the initial adverse claims determination made by Reliance when they found that she was not eligible. When I say not eligible, I mean not insured. Has Moratz filed another claim for benefits? She has not. Now, what Reliance said was, roughly, if you want to change the onset date of your disability, go back to year one and file another claim. Why does that violate either the policy or ERISA? It violates ERISA, and I think the district court, your honor, got it wrong when it interpreted ERISA. So what section of ERISA? Point me the section and tell me why. Okay, so what the court relied upon was... I'm not asking about the court. I'm asking you to tell me which section of ERISA this policy violates and why. Subsection H, which governs... No, you have to start with a section number before you start with a subsection. It violates 29 CFR sections. No, that's not part of ERISA. That's a regulation. Right. So, are you claiming that this policy violates ERISA? It does. The policy does not. I'm asking a simple question. What section of the statute does it violate? Then we can move to sections of regulations. Does it violate a section of ERISA? It does. I do not have the statute in front of me. I do have the regulation. All right. I did not see an argument in your brief. That's why I'm asking. All right. So you say it violates a regulation. Let's go to the regulation. Okay. Okay. It violates subsection H of the regulation. No, regulations also begin with 29 CFR 2560.503-1. Yeah. Well, that's about 100,000 before we get to H. Okay. But it is subsection H of that specific regulation site. And subsection H governs the right of a claimant to seek an administrative appeal of an adverse claims decision. Yeah. Look, this regulation does not address the question I am asking, which is why can't an administrator or other fiduciary say, if you want to change your onset date, you do that at the beginning of a new claim, rather than doing it on appeal. The rationale for this is perfectly straightforward. If you claim an onset date, all the evidence will address that onset date. On appeal, you now have a mismatch between the newly claimed onset date and all the evidence. So you got to go back and start over in some way. You can either remand it and start over or file a new claim and start over. Why does either of these things violate the statute or a regulation? Because she was Karen Moran... No, it's not what this plaintiff was or wants. I'm asking you a legal question about the meaning of statutes and regulations. What is it that violates a statute or regulation about that policy? Because she was permitted to address that decision on review and administrative appeal. Look, what your client was permitted to do does not answer my question, which has to do with the meaning of legal texts. And I would really appreciate it if you would focus on the legal texts. When she filed her claim, it was denied. The law permits her to file an administrative appeal. That's what she did. The onset date of her actual injury, illness, was in late 2020, early 2021, which we agree she was not employed by ISO at that particular time. It was not until September 1, 2021. But she did not file her claim until after she was reemployed when she filed her claim in February of 2022. That would have been the right time for her to file the claim based upon the language in the policy. And when the adverse decision, initial decision, was denied, she had an absolute right to submit an administrative appeal to correct the factual basis for the denial. And it was the right time for her to submit an administrative appeal to correct the reliance's failure to recognize that. You realize you're just not addressing my question. You're not even mentioning any statute or regulation here. You don't seem to realize that the black loan benefit system, the Social Security disability system, almost every disability system that I'm aware of, requires exactly what reliance required. But if you want to change the alleged onset date, you go back and start over. Is there any disability system that allows the onset date to be changed on appeal after the evidence has been submitted? Any at all? Your Honor, I'm unaware of a specific statute or regulation that says you can't correct the initial application within the administrative appeal. That's not the question. The question is whether there is a statute or regulation that forbids an ERISA fiduciary from having that policy. Not whether the statute itself requires the policy, but whether it forbids that policy. That's what I've been asking you all along. Your Honor, what I'm aware of is that ERISA requires reliance in any other plan administrator to set forth the rights of the party, the rights of the claimant, and one of the rights that they set forth based upon ERISA is the fact that she had a right to appeal any basis of the initial denial of her initial application. And she did that, and it is our contention that she corrected the factual flaw in the initial application, and she was eligible at the time that she filed her claim, and there would be no reason to go back and refile the claim when she filed it on a timely basis. I see that there's a minute 20 left. I'd like to reserve some time unless the counsel. Thank you. May it please the Court. Good morning. I'm Joshua Bachrach. Mr. Bachrach. Thank you, Your Honor. I represent the Pelehaer Reliance Standard, and I'd like to address the questions of the Court. Judge Easterbrook here. There is no violation of ERISA. In fact, what they tried to do here is the violation of ERISA, because ERISA section 29 U.S.C. 1133 states that if there's a denied claim, there must be a full and fair review. The regulation that counsel referred to, 29 CFR 2560.503-1, also lays out how an ERISA claim has to be followed, and that is there's a claim submission, there's a decision. If there's a denial, then there's a right to appeal, and if that appeal is submitted, then that has to be decided. So there are actually two decisions to be made under the statute and under the regulation on any claim. But here, by submitting, and it is a new claim, counsel says it's a correction. It's not a correction. It's a new claim. If there is a new claim, that only allows my client one opportunity. It doesn't allow them to correct any potential mistakes that have been made. And so counsel says that the regulations here permitted her to address the decision that was made. The decision that was made was that she was no longer covered under the plan in December of 2020 when she claims that she was disabled. It is during the appeal she submitted a new claim. She claims that nine months later, in September of 2021, she started working again and that she became disabled two weeks later. So that doesn't involve whether there was a termination of benefits. Those involve the questions of did her coverage renew under the plan? Was she actively at work as that phrase or that term is defined in the policy? And if she was, the effectiveness or the applicability of the pre-existing conditions exclusion, none of that had to be addressed based on what she actually submitted, a claim on December 20 of disability as of December 2020. There's also the fact, and this was raised to your honor as well, when you're asking about whether there are violations of the statute and then the regulations that come into play, the statute defines a claim for benefits as a request for benefits that is consistent with the procedure set forth in the plan documents. The plan documents here state that you must submit a form with your claim. And there was a form submitted with the claim here and it stated there was a disability as of December of 2020. That is the only claim that was ever submitted. So this is a new claim as of September of 2021. And I just want to correct one other point that was made by counsel. And counsel stated that his client had to wait until after September 2021 to submit her claim. The fact is that she did in January of 2022 is when she filled out those forms in which she said that she became disabled in December of 2020. And more importantly, she claimed that she had not returned to work. So she's now claiming that she returned to work in September of 2021. But four months later, she admits that she'd never returned to work. There are inherent inconsistencies here. And that is why a new claim needed to be submitted and it just simply wasn't done here. It's inconsistent with the statute, the regulations, and just common sense tells you this is an entirely new claim. So unless there are any questions from the panel, we would just ask that the decision of the district court be made. Is there a period of limitations in the contract? Is there contractual limitations? Can Morath still submit a new claim? She could submit a claim. Is it valid? I don't believe it would be. Well, that's a substantive question. I was just asking about time. She still has time to submit a new claim. I do not believe so, Your Honor. My understanding is that it is three years from the time proof of loss. Actually, I take that back. It is three years from the time proof of loss is required, I believe. And I didn't look at the exact language. So if that's the case, there's usually one year to submit the proof, plus you add the three, that would be four years. So it might be four. So she might still have time. She might still have time. Well, we will leave that to Morath and Mr. Saint. Okay. Thank you. Thank you, Your Honor. Mr. Saint, anything further? Just briefly. And I understand Your Honor's questions. And I know I didn't artfully answer those questions. But one thing that the policy in compliance with ERISA gives Karen Morath the opportunity, and that is to file an appeal from any denial. And that's the language in the policy of any denial or part of a denial. Look, counsel, I think you're still not seeing the problem. You have a statutory right to appeal from the District Court's decision to the Court of Appeals. But that doesn't mean we will build a new record on appeal. You are stuck with the record made in the District Court when you appeal. And that's essentially what Reliance said. The record made in the claim was for a disability that began sometime in the summer of 2000. And Reliance said, you're stuck with that on appeal. If you want a different record, file a new claim. It's the very thing we would say if you tried to argue a different claim on appeal. Your Honor, my interpretation has always been when a claim is denied, there's an adverse decision that any claimant, as a part of the process, has the right to submit an administrative appeal. Yes. You're still not getting it. So. The fact that you can appeal from the District Court to the Court of Appeals doesn't mean you get to change the allegations of the complaint. Okay. The case is taken under advisement.